UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KIMBERLY M. STELLINGS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 3:12-cv-898 (REP) |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., *et al*. | ) |
| | ) |
|     Defendants. | ) |
| | ) |

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), by its undersigned counsel, and for its answer to the Complaint, states as follows:

Experian denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs below. Experian further states that it lacks knowledge or information sufficient to form a belief about the truth or falsity of any and all allegations as they relate to other defendants and therefore denies the same. Experian further states that its investigation of the present matter is ongoing. Accordingly, Experian reserves the right to amend this answer. In response to the numbered paragraphs in the Complaint, Experian states as follows:

### PRELIMINARY STATEMENT

1.     Experian admits that Amy C. Stellings ("Plaintiff") purports to bring this lawsuit under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.* Except as specifically admitted, Experian denies the remaining allegations in paragraph 1 of the Complaint.

## JURISDICTION

2.      In response to paragraph 2 of the Complaint, Experian admits that Plaintiff has alleged jurisdiction pursuant to 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.  Experian states that this is a legal conclusion, which is not subject to denial or admission.

3.      In response to paragraph 3 of the Complaint, Experian admits that Plaintiff has alleged that venue is proper.  Experian states that this is a legal conclusion, which is not subject to denial or admission.

## PARTIES

4.      In response to paragraph 4 of the Complaint, Experian admits that Plaintiff is a natural person.  The remaining allegations contained in paragraph 4 are legal conclusions, which are not subject to denial or admission.

5-6.    Paragraphs 5-6 of the Complaint pertain to another defendant.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 5-6 of the Complaint and therefore denies the same.

7.      In response to paragraph 7 of the Complaint, Experian admits that it is authorized to do business in the Commonwealth of Virginia.  Except as specifically admitted, Experian denies the remaining allegations in paragraph 7 of the Complaint.

8.      In response to paragraph 8 of the Complaint, Experian denies that 15 U.S.C. § 1681(f) defines "consumer reporting agency."  Experian admits that it is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).  Experian also denies that 15 U.S.C. § 1681(d) defines the term "consumer report."  Experian admits that it regularly engages in the business of, inter alia, assembling, evaluating, and disbursing consumer reports as defined in 15 U.S.C. § 1681a(d) to third parties.  Except as specifically admitted, Experian denies the remaining allegations in paragraph 8 of the Complaint.

9.      Experian admits the allegations contained in paragraph 9 of the Complaint.

10-13.  Paragraphs 10-13 of the Complaint pertain to other defendants.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 10-13 of the Complaint and therefore denies the same.

**FACTS**

14.      In response to paragraph 14 of the Complaint, Experian denies that, in December 2010, Plaintiff obtained her consumer disclosure from Experian.  Except as specifically admitted, Experian denies the allegations in paragraph 14 of the Complaint.  As to the allegations in paragraph 14 of the Complaint that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 14 of the Complaint and therefore denies the same.

15.      Experian denies the allegations in paragraph 15 of the Complaint.

16.      In response to paragraph 16 of the Complaint, Experian admits that plaintiff contacted Experian, by mail, on or about January 7, 2011.  Experian denies Plaintiff's allegation that she "explained that the Wells Fargo credit card account was an account that was opened by her husband with First Union as an individual account in her husband's name only and that she was only listed as a[n] authorized user on [the] account and never a co-signor on the account." Experian admits that on or about January 18, 2011, Plaintiff contacted Experian by telephone to cancel her January 7, 2011 investigation into the Wells Fargo account ending in 7446.  Experian further admits that Plaintiff changed the basis for her dispute over the telephone and requested an investigation into her new claim.

17.     Paragraph 17 of the Complaint pertains to another defendant.   Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 17 of the Complaint and therefore denies the same.

18.     In response to paragraph 18 of the Complaint, Experian admits that, on or about January 27, 2011, Experian provided Plaintiff with the results of its investigation.   Except as specifically admitted, Experian denies the allegations in paragraph 18 of the Complaint.   As to the allegations in paragraph 18 of the Complaint that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 18 of the Complaint and therefore denies the same.

19.     Paragraph 19 of the Complaint pertains to another defendant.   Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 19 of the Complaint and therefore denies the same.

20.     In response to paragraph 20 of the Complaint, Experian admits that, on or about May 3, 2011, Plaintiff contacted Experian by mail to request an investigation into the Wells Fargo Bank account ending in 7446.   Except as specifically admitted, Experian denies the allegations in paragraph 20 of the Complaint.

21.     In response to paragraph 21 of the Complaint, Experian admits that, on or about May 6, 2011, Experian provided Plaintiff with the results of its investigation.   Except as specifically admitted, Experian denies the allegations in paragraph 21 of the Complaint.

22.     Paragraph 22 of the Complaint pertains to another defendant.   Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 22 of the Complaint and therefore denies the same.

23.     Experian denies the allegations contained in paragraph 23 of the Complaint that relate to Experian.  As to the allegations in paragraph 23 of the Complaint that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 23 of the Complaint and therefore denies the same.

24.     Experian denies the allegations contained in paragraph 24 of the Complaint that relate to Experian.  As to the allegations in paragraph 24 of the Complaint that relate to other defendants, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraph 24 of the Complaint and therefore denies the same.

25-30.  Experian denies the existence of paragraphs 25 through 30 as the Complaint appears to be numbered incorrectly.  To the extent there are any allegations in 25-30, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 25-30 of the Complaint and therefore denies the same.

## COUNT ONE: VIOLATION OF FAIR CREDIT REPORTING ACT
### (15 U.S.C. § 1681(e)(b))
### (EQUIFAX, EXPERIAN and TRANS UNION)

31.     Experian incorporates its responses to the allegations contained in paragraphs 1-30 as if fully set forth herein.

32.     Experian denies the allegations contained in paragraph 32 of the Complaint.

33.     Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph 33 of the Complaint.

34.     Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 34 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 34 of the Complaint.  Experian further denies that it is liable to Plaintiff for the

requested relief or for any relief whatsoever, as alleged in paragraph 34 of the Complaint. Experian further denies the remaining allegations in paragraph 34 of the Complaint.

35.    Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 35 of the Complaint.

**COUNT TWO: VIOLATION OF FAIR CREDIT REPORTING ACT**
**(15 U.S.C. § 1681(i)(a)(1))**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

36.    Experian incorporates its responses to the allegation contained in paragraphs 1-35 as if fully set forth herein.

37.    Experian denies the allegations contained in paragraph 37 of the Complaint.

38.    Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph 38 of the Complaint.

39.    Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 39 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 39 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 39 of the Complaint. Experian further denies the remaining allegations in paragraph 39 of the Complaint.

40.    Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 40 of the Complaint.

**COUNT THREE: VIOLATION OF FAIR CREDIT REPORTING ACT**
**(15 U.S.C. § 1681i(a)(2)(A))**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

41.    Experian incorporates its responses to the allegations contained in paragraphs 1-40 as if fully set forth herein.

42.    Experian denies the allegations contained in paragraph 42 of the Complaint.

43.     Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph 43 of the Complaint.

44.     Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 44 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 44 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 44 of the Complaint. Experian further denies the remaining allegations in paragraph 44 of the Complaint.

45.     Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 45 of the Complaint.

**COUNT FOUR: VIOLATION OF FAIR CREDIT REPORTING ACT**
**(15 U.S.C. § 1681(i)(a)(4))**
**(EQUIFAX, EXPERIAN and TRANS UNION)**

46.     Experian incorporates its responses to the allegations contained in paragraphs 1-45 as if fully set forth herein.

47.     Experian denies the allegations contained in paragraph 47 of the Complaint.

48.     Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph 48 of the Complaint.

49.     Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 49 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 49 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 49 of the Complaint. Experian further denies the remaining allegations in paragraph 49 of the Complaint.

50.     Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 50 of the Complaint.

## COUNT FIVE: VIOLATION OF FAIR CREDIT REPORTING ACT
### (15 U.S.C. § 1681(i)(a)(5)(A))
### (EQUIFAX, EXPERIAN and TRANS UNION)

51.     Experian incorporates its responses to the allegations contained in paragraphs 1-50 as if fully set forth herein.

52.     Experian denies the allegations contained in paragraph 52 of the Complaint.

53.     Experian denies that Plaintiff has suffered any damages as a result of Experian's conduct, actions or inaction as alleged in paragraph 53 of the Complaint.

54.     Experian denies that it has harmed Plaintiff willfully as alleged in paragraph 54 of the Complaint.  Experian also denies that it has harmed Plaintiff negligently as alleged in paragraph 54 of the Complaint.  Experian further denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 54 of the Complaint.  Experian further denies the remaining allegations in paragraph 54 of the Complaint.

55.     Experian denies that it is liable to Plaintiff for the requested relief or for any relief whatsoever, as alleged in paragraph 55 of the Complaint.

## COUNT SIX: VIOLATION OF FAIR CREDIT REPORTING ACT
### (15 U.S.C. § 1681s-2(b)(1)(A))
### (WELLS FARGO)

56.     Experian incorporates its responses to the allegations contained in paragraphs 1-55 as if fully set forth herein.

57-78.  Paragraphs 57-78 of the Complaint pertain to another defendant.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 57-78 of the Complaint and therefore denies the same.

### COUNT SEVEN: VIOLATION OF FAIR CREDIT REPORTING ACT
### (15 U.S.C. § 1681s-2(b)(1)(B))
### (WELLS FARGO)

79.     Experian incorporates its responses to the allegations contained in paragraphs 1-78 as if fully set forth herein.

80-86.  Paragraphs 80-86 of the Complaint pertain to another defendant.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 80-86 of the Complaint and therefore denies the same.

### COUNT EIGHT: VIOLATION OF FAIR CREDIT REPORTING ACT
### (15 U.S.C. § 1681s-2(b)(1)(C) and (D))
### (WELLS FARGO)

87.     Experian incorporates its responses to the allegations contained in paragraphs 1-86 as if fully set forth herein.

88-100.  Paragraphs 88-100 of the Complaint pertain to another defendant.  Accordingly, Experian lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations in paragraphs 88-100 of the Complaint and therefore denies the same.

101.    Experian denies that Plaintiffs are entitled to any of the relief requested in the "WHEREFORE" paragraph or any relief whatsoever against Experian.

102.    Experian denies any allegation contained in the Complaint that is not expressly admitted by Experian.

### AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims fail to the extent that the Complaint, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against

Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Experian.

## SECOND AFFIRMATIVE DEFENSE
### (Compliance/Good faith)

Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, Experian acted in good faith and complied fully with the FCRA and relevant state laws.

## THIRD AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Plaintiff's claims fail to the extent that Plaintiff's purported damages, which Experian continues to deny, were the results of acts or omissions of third persons over whom Experian had neither control nor responsibility.

## FOURTH AFFIRMATIVE DEFENSE
### (Punitive Damages)

Plaintiff's claims for punitive damages fails to the extent that the Complaint fails to state a claim for relief of punitive damages.  Additionally, Plaintiff cannot recover punitive damages against Experian to the extent that it would violate its constitutional rights under the Constitution of the United States of America and the Constitution of Virginia.

## FIFTH AFFIRMATIVE DEFENSE
### (Venue)

Experian objects to the extent that this case has been brought in the wrong court and/or division pursuant to 28 U.S.C. §§ 1391 *et seq.* and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia.

## SIXTH AFFIRMATIVE DEFENSE
### (Statute Of Limitations/Laches)

Plaintiff's claims fail to the extent that they are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681(p) or by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
### (Indemnification)

Experian is not liable to the extent that any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

## EIGHTH AFFIRMATIVE DEFENSE
### (Right To Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses as such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1)     That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety;

(2)     That Experian be dismissed as a party to this action;

(3)     For costs of suit and attorneys' fees herein incurred; and

(4)     For such other and further relief as the Court may deem just and proper.

EXPERIAN INFORMATION SOLUTIONS, INC.

By:/s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Experian Information Solutions, Inc.*
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697–5410
Facsimile:  (804) 698–5118
Email: david.anthony@troutmansanders.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will then send a notification of such filing (NEF) to the following:

Thomas Ray Breeden
Thomas R. Breeden PC
10326 Lomond Drive
Manassas, VA  20109
Telephone: 703-361-9277
Facsimile: 703-257-2259
Email: trb@tbreedenlaw.com
*Counsel for Plaintiff*

Susan Mary Rotkis
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA  23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: srotkis@clalegal.com
*Counsel for Plaintiff*

Hunter Wilmer Sims , Jr.
Kaufman & Canoles PC
150 W Main St
Norfolk, VA  23510
Telephone: 757-624-3000
Email: hwsims@kaufcan.com
*Counsel for Wells Fargo Bank, National Association*

Leonard Anthony Bennett
Consumer Litigation Associates
763 J Clyde Morris Boulevard., Suite 1A
Newport News, VA  23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
Email: lenbennett@cox.net
*Counsel for Plaintiff*

John Willard Montgomery , Jr.
Montgomery & Simpson, LLLP
2116 Dabney Rd., Suite A-1
Richmond, VA  23230
Telephone: 804-355-8744
Facsimile: 804-355-8748
Email: jmontgomery@jwm-law.com
*Counsel for Equifax Information Services, Inc.*

Terry Catherine Frank
Kaufman & Canoles PC (Richmond)
1021 E Cary St Suite 1400
Two James Center
Richmond, VA  23219
Telephone: 804-771-5745
Facsimile: 804-771-5777
Email: tcfrank@kaufcan.com
*Counsel for Wells Fargo Bank, National Association*

/s/David N. Anthony
David N. Anthony
Virginia State Bar No. 31696
*Counsel for Experian Information Solutions, Inc.*
Troutman Sanders LLP
1001 Haxall Point
Richmond, Virginia  23219
Telephone:  (804) 697–5410
Facsimile:  (804) 698–5118
Email: david.anthony@troutmansanders.com

20372347v1